Drake, Ch. J.,
delivered the opinion of the court:
The claimant is a corporation; and at the time the causes of action set forth in the petition accrued, one Charles Kellogg was a stockholder in, and a trustee and the president of, the corporation.
His testimony being needed for the claimant, he could not, while a stockholder, be examined as a witness to sustain the claim.
In March, 1878, to qualify himself as a witness, he transferred his stock to one Kittredge, the acting treasurer of the claimant, who paid therefor by a note. The day after doing so Kellogg gave his deposition on behalf of claimant.
In June, 1878, he gave a second deposition for claimant.
After this he bought back from Kittredge the stock he had previously transferred to him.
In November, 1S78, it became necessary to examine said Kellogg again as a witness for the claimant; and again he transferred his stock to said Kittredge, and then gave his deposition a third time.
The defendants move to strike from the record all the depositions given by said Kellogg, on the following grounds:
*113 1. Tba-t Ms interest as a stockholder in. the corporation was not bona fide assigned at the times when the several depositions were taken;
2. That no assignment previous to the adjudication of the claim sued on in this case would divest his right in that claim; and,
3. As the assignor of the claim, or any part thereof, he is incompetent as a witness.
At the argument the defendants’ counsel abandoned the first of these grounds, and rested wholly on the other two, which, though severally involving the operation and construction of different statutory provisions, have a common basis in the fact, asserted by the defendants, that the witness, as a stockholder in the company, had a distinct, vested, and complete interest in the claim as a separate piece of property, aside from his interest in it as an element in the general assets of the company.
So regarding it, the defendants took, in support of this motion, these positions: 1, that Kellogg’s assignment of his stock in the company, if operative and effectual to assign it, was also an assignment of his interest in this claim; 2, that under section 3477 of the Bevised Statutes, that assignment was null and void, for that section declares that “ all transfers and assignments of any claim against the United States, or of any part or «hare thereof, or interest therein, whether absolute or conditional, * * * shall be absolutely null and void, unless they are freely made and executed # # * after the allowance of such claim, the ascertainment of the amount due, and the issuing of a warrant for the payment thereof; ” and 3, that the assignment of stock by Kellogg being null and void, he was, when his depositions were taken, still the owner of an interest in this claim, which disqualified him as a witness in supporting it, and therefore his depositions should be suppressed.
This argument rests wholly on the proposition that Kellogg, as the owner of shares of stock in the corporation, was part owner of the corporation’s claim now here in suit. If this position be well taken, the conclusion insisted on by the defendants may be conceded; otherwise there is no foundation for that conclusion.
There can be no doubt that if the Kellogg Bridge Company were an unincorporated joint-stock company, that is, a mere partnership, each individual shareholder would have a direct *114 proprietary interest in each and every individual part of the-company’s assets. But in tbe case of a corporation tbe rule is totally different. Tbe corporation, and not its shareholders, owns and bolds all its property, and owns and bolds it in trust for tbe purposes of its creation and tbe benefit of its shareholders.
Of course tbe shareholders have an interest in that property, but what is that interest? It is not an interest in any particular piece of tbe property, upon which could be based a right of action for its recovery or for damages done to it; nor is it such an interest therein as would authorize the shareholder to control that piece of property; nor yet is it such as could enable him to transfer any right or title thereto specifically, whether present or future, absolute or conditional, complete or inchoate.
What, then, is the interest of a shareholder in the property of the corporation ?
Bach share of stock held by an individual entitles the holder to a proportionate part of the profits earned by the corporation in the business for which it was created, and to a proportionate part of the capital when the affairs of the corporation shall be finally wound up and the capital returned to the shareholders.
Bach shareholder, therefore, has this interest in the property of the corporation, and this alone, that it be honestly and faithfully used and applied to the legitimate purposes of the corporation ; for upon this may, and most probably will, depend his receiving any profits from his investment.
Therefore, as the recovery of the claim in this suit might swell the profits of the corporation, a shareholder is directly interested in substantiating the claim, and therefore is not a competent witness under section 1079 of the Bevised Statutes, which declares that no person interested in any title, claim, or right agaiast the United States shall be a competent witness in the Court of Claims in support of the same.
This disqualifying interest, however, depends wholly upon the fact of his being a shareholder. The moment he ceases to be a shareholder his interest ceases and the disqualification disappears.
When, therefore, tbe fact appeared that the witness Kellogg' had, before he was sworn as a witness, transferred to another his stock in the Kellogg Bridge Company, he was manifestly a competent witness in supporting that company’s claim, unless it be that the transfer of the stock was, as the defendants con *115 tend, null and void under .section'3477 of the Eevised Statutes above cited. But that section relates only to assignments of interests in claims against the United States, and as we hold that Kellogg had no proprietary or assignable interest in the claim sued on here, he was not within the purview of that section.
But the third ground urged in support of this motion must be disposed of. The second assumed that Kellogg had, when examined, an interest in the claim, which disqualified him, though he had tried to divest himself of it by transfer but failed, because under section 3477 his transfer was null and void. Now, however, the ground is changed, and it is urged that Kellogg had in fact assigned his claim against the United States, and “as the assignor of the claim, or any part thereof, he is incompetent.”
It is fatal to this position to hold, as we have, that Kellogg, as a shareholder in the Kellogg Bridge Company, had no assignable interest in the company’s claim against the United States. But if he had such an interest, the fact that he had assigned it to some one other than that company would not disqualify him as a witness for the company, unless the company claimed through that assignment. The language of the statute is:
“No claimant, nor any person from or through whom any such claimant derives his alleged title, claim, or right against the United States, * # * shall be a competent witness in the Court of Claims in supporting the same.” (Rev. Stat., § 1079.1
Clearly, under this provision, the fact that one had assigned to a imrson other than the claimant an interest in the claim, which is still outstanding in his assignee, would not disqualify the assignor as a witness in support of the claim. To disqualify an assignor the claimant nutst derive his title, claim, or right through him. Here the claimant derives no title, claim, or right through Kellogg, and therefore he was a competent witness, so far as the third ground of objection is concerned.
The motion to strike the depositions from tbe record is overruled.